Nott, J.,
delivered the opinion of the court:
This is a motion made by the claimant to change her attorne It is not denied that she has the right so to do, but it is insistí that the substitution should be upon the usual terms. Tl| claimant replies that no such terms should be imposed; firi because the attorney has neglected to prosecute the suit; secon| because there was no express agreement for a contingent fe *205 third, because a specific counsel fee promised to the attorney :or his services as counsel in arguing a question of jurisdiction vas promised by an agent of her testator after the testator’s ieath, and, consequently, after the agent’s power had terrni-íated. It is, moreover, set up by the attorney of record that bird persons have made advances for the prosecution of the uit whose equities should be protected by the court. And it Iso appears that the attorney of record .has removed from this ity, where he resided when the suit was brought, to a distant lace, and that he has transferred the control and management f the suit to another attorney of this court.
It is to be noted at this point that a mistake singularly runs hrough the affidavits of both parties to the motion. It is sserted by the claimant in her moving affidavit and reiterated y the attorney in his affidavit in reply, that this suit was begun y the testator in his lifetime, and that the claimant as ex-¡utrix, came into court and was substituted as party claimant jfter his death. As a matter of fact, we find from the record : the court that letters testamentary were issued to the claim-it on the 15th August, 1872; that the petition in this suit was trifled by her on the 21st October, 1872, and that the suit was jigun by her as executrix, and not by the testator, on the 18th stober, 1873. It is manifest that neither party has intended i misrepresent the facts; but that both have confused certain loceedings which took place in the lifetime of the testator Ifore the Treasury Department with facts occurring subse-}ent to the bringing of this action is clear.
It is due to the attorney of record to say that the court is jbisfied that no professional fault or neglect should be imputed I him concerning the prosecution of this case; but the court lalso of the opinion that when he removed from this city gave up the supervision and management of the case, he breby severed the confidential and professional relations which il subsisted between himself and client, and stands in the jitude of having voluntarily withdrawn from the ease.
Ihs for the third persons who are shown to have made ad-uces to the claimant or her testator to aid them in the collec-of the claim or prosecution of the case, the court is of the jnion that their demands are personal and against the testá-is estate, and that they have acquired no interest in the can se Iction which this court can adjudicate or protect.
*206 The order of the court is that T. 0. Campbell, esq., be substituted as attorney for the claimant in the stead and place of O. E. Pike, esq., the present attorney, without prejudice to any claim or demand which the present attorney may have for his professional services in the suit, or to any lien which he may have upon the judgment ultimately recovered.
Drake, Oh. J., did not sit on the hearing of this motion, and took no part in the decision.